26149. HUMPHRIES *et al. v.* FRICK COMPANY.

DECIDED JULY 2, 1937.

*James D. Shannon,* for plaintiffs in error.

*Jones, Russell & Sparks, Johnston & Jones,* contra.

STEPHENS, P. J. Where personal property is sold for a stated consideration under a contract by which it is to be delivered f. o. b. cars at point of manufacture, the property is to be delivered to the carrier without cost to the purchaser, and placed on the cars for shipment to the point of destination. Where in the contract of sale it is provided, as expressed in paragraph 4, that the seller "agrees to deliver said machinery and apparatus f. o. b. cars at point of manufacture," and that "freight to destination to be paid by buyer," and, as expressed in paragraph 6, "the buyer will advance to the seller as needed, sufficient funds to pay all items of freight, express, hauling, wages, or sundries required to be disbursed by the seller in the performance of this contract after the equipment or any part thereof has been delivered on board cars for shipment in accordance with paragraph 4 hereof, and . . they shall be credited against the final instalment of the purchase-price," the contract, properly construed, provides for the shipment of machinery and apparatus f. o. b. cars at point of manufacture, but that the buyer is under obligation to advance to the seller funds sufficient to pay the freight charges on the property sold, from the point of manufacture to point of destination, only where the seller has expressly elsewhere contracted to pay said freight charges. Where the contract contains no such provision for the payment of the freight charges by the seller, but does expressly provide that the freight charges to the point of destination are to be paid by the buyer, the buyer, after paying the freight charges on the shipment from the point of manufacture to the point of destination, can not set off against the unpaid amount due on the purchase-money the amount of freight charges so paid by the buyer. In a suit by the seller against the buyer, to recover the unpaid balance due of the purchase-money, evidenced by a

note, where the only defense was a set-off by the buyer against the seller of the amount which the buyer paid as freight charges, the court, in passing on both questions of law and fact under the agreed statement of facts, did not err in finding against the defendant's set-off, and for the plaintiff in an amount representing the unpaid balance due on the purchase-price, with interest and attorney's fees.

*Judgment affirmed. Sutton and Felton, JJ., concur.*